```
             IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

JAMES ARTHUR, SR.,              )   CIVIL NO. 09-00590 DAE-LEK
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
FAATALALE AUELUA, ET AL.,       )
                                )
          Defendants.           )
_____ )
```

**FINDINGS AND RECOMMENDATION TO DENY
<u>PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS</u>**

Before the Court is Plaintiff James Arthur, Sr.'s ("Plaintiff") Motion to Remand and for Sanctions ("Motion"), filed on January 28, 2010. Defendants Operating Engineers Local Union No. 3 ("Local 3") and Robert E. Jesinger, Esq. (collectively "Union Defendants"), filed their memorandum in opposition on February 12, 2010. Plaintiff filed his reply on February 26, 2010. This matter came on for hearing on March 9, 2010. Appearing on behalf of Plaintiff was William Fenton Sink, Esq., and appearing on behalf of the Union Defendants was Lori K. Aquino, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, this Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion be DENIED WITHOUT PREJUDICE for the reasons set forth below.

<u>BACKGROUND</u>

On October 16, 2009, Plaintiff filed the instant action

in state court against Defendants Faatalale Auelua, Jesinger, and Local 3.  The Complaint alleges that Auelua "assaulted, threatened, battered and harassed" Plaintiff.  [Complaint at ¶ 11.]  Plaintiff also alleges that Local 3 "unfairly represented" him in his claim against his employer, Goodfellow Brothers, Inc. ("Goodfellow") in connection with Plaintiff's whistleblowing activities.  [Id. at ¶ 14.]  He also alleges that Local 3 "refused to represent Plaintiff in his claim because of Plaintiff's refusal to participate in the fraudulent activities and whistleblowing about the fraudulent activities . . . ."  [Id. at ¶ 19.]  Further, Plaintiff alleges that Jesinger, a California attorney, committed malpractice and "breached his fiduciary and contractual duty to represent" Plaintiff, apparently in connection with Plaintiff's whistleblowing activities.  [Id. at ¶¶ 15-16.]  Plaintiff also alleges conspiracy, coercion, interference with employment, interference with prospective economic advantage, and intentional or negligent infliction of emotional distress.  [Id. at ¶¶ 17-18, 20.]  The Complaint seeks: general, special, and punitive damages; attorney's fees, witness fees, and costs; and any other appropriate relief.

        Local 3 removed the instant action on December 14, 2009 based on federal question jurisdiction.[1]  Local 3 argued that all

---

[1] The Notice of Removal states that Auelua and Jesinger had not been served with the Complaint, but that Jesinger, who is
(continued...)

of Plaintiff's claims against it are completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 ("§ 301"), and that there is supplemental jurisdiction over all remaining state law claims because they are related to the issues in the federal claims.  [Notice of Removal at ¶ 6.]

In the instant Motion, Plaintiff argues that this case alleges violations of Hawai'i Revised Statutes §§ 377-6, 377-7, and 378-8.  Thus, he asserts that the federal courts and the state courts have concurrent jurisdiction over the labor claims, and there is no federal jurisdiction at all over the assault, malpractice, extortion, and whistleblowing claims.  Plaintiff argues that, if Local 3's position was correct, no case could ever be brought under the Hawai'i Employment Relations Act.  Plaintiff emphasizes that courts strictly construe removal statutes in favor of remand because federal courts are courts of limited jurisdiction.  Plaintiff also argues that the removal was procedurally defective because Local 3 did not secure the written consent of all other served defendants prior to the removal.

Plaintiff asserts that the defendants have engaged in improper forum shopping and that the removal was frivolous.  He therefore seeks $10,000.00 in attorney's fees as a sanction

---

[1](...continued)
represented by Local 3's counsel, did not oppose removal. [Notice of Removal at ¶¶ 3-4.]  According to documents filed in the state court after removal, Auelua was served on January 20, 2010, and Jesinger was served on December 29, 2009.

pursuant to Federal Rule of Civil Procedure 11.

In their memorandum in opposition, the Union Defendants first argue that the Motion is untimely because Plaintiff failed to file it within thirty days of removal as required by 28 U.S.C. § 1447(c).  The Union Defendants then note that the state law claims of assault and whistleblowing do no apply to them.  Plaintiff's claims against the Union Defendants relate to their alleged failure to fairly represent him in his claim against Goodfellow following the whistleblowing.  The only relationship between Plaintiff and the Union Defendants relating to his Goodfellow employment is that created by the collective bargaining agreement ("CBA") between Local 3 and Goodfellow.  According to the Union Defendants, Plaintiff's terms and conditions of employment at Goodfellow were governed by the CBA because Local 3's hiring hall dispatched him to Goodfellow to work as a foreman, one of the positions governed by the CBA.  Plaintiff's claims are premised on "his status as a bargaining unit employee who was employed by Goodfellow as a union member."  [Mem. in Opp. at 6.]  The CBA governs an employer's obligation to maintain a safe work place, as well as the filing of grievances over CBA violations.  Thus, the determination of whether the Union Defendants failed to fairly represent Plaintiff in his grievances against Goodfellow over work place safety requires the interpretation of the CBA.  Plaintiff did not allege any claims

against Local 3 which are independent of the CBA.  Section 301 therefore applies, even if Plaintiff did not cite federal law in his Compliant.

        Plaintiff relies on Hawai'i Revised Statutes Chapter 377, but that chapter only applies to employees over whom the National Labor Relations Board ("NLRB") does not have jurisdiction, such as state or county employees, managerial employees, or agricultural laborers.  The Union Defendants argue that Plaintiff invoked NLRB jurisdiction on October 3, 2008 by filing an NLRB charge against Local 3 over his Goodfellow employment.  [Motion, Supporting Decl. of Eugene Soquena ("Soquena Decl."), Exh. E.]  On December 19, 2008, the NLRB's San Francisco regional office initially concluded that Plaintiff was a supervisor and therefore excluded from the LMRA.  [Exh. F to Soquena Decl.]  The Union Defendants state that Local 3 never advocated that position, and they argue that the regional office's ruling was error.  Plaintiff appealed, and the NLRB's Office of the General Counsel in Washington, D.C. ultimately accepted jurisdiction and issued a decision on the merits, finding that Local 3 did not violate the LMRA.  [Exh. H to Soquena Decl. (decision dated November 4, 2009 denying request for reconsideration).]  The Union Defendants argue that the claims in Plaintiff's NLRB charge mirror those in the instant case, which belies Plaintiff's current position that the

Complaint has nothing to do with federal law.

Plaintiff's claims against Local 3 are claims for the breach of the duty of fair representation, which is a duty defined solely by federal law.  The Union Defendants argue that Plaintiff cannot avoid federal jurisdiction by styling his claims as state law claims.  The Union Defendants argue that, at a minimum, there is federal jurisdiction over the duty of fair representation claims, and the district court should exercise supplemental jurisdiction over the state law claims.

In his reply, Plaintiff states that Local 3 filed its Notice of Removal three days before Plaintiff's counsel went on a previously scheduled family vacation.  Thus, Plaintiff asserts that his counsel could not review the Notice of Removal until mid-January.

Plaintiff argues that the Union Defendants are estopped from arguing that Plaintiff's claims arise from the CBA because Local 3 previously contended that Plaintiff was not covered by the CBA.  He also contends that the NLRB's December 19, 2008 and July 23, 2009 decisions, both of which concluded that the CBA did not apply to him because he was a supervisor, are presumptively correct.  [Reply, Decl. of William Fenton Sink, Exhs. 1 and 2.[2]]  Plaintiff asks the Court to take judicial notice of these

---

[2] Exhibit 1 is the same as Exhibit F to the Soquena Declaration.  Exhibit 2 is the July 23, 2009 decision of the NLRB's Office of General Counsel in Washington D.C.

decisions.

Plaintiff reiterates that there is a strong presumption against federal jurisdiction and that "state law has exclusive jurisdiction over assault, malpractice, extortion, and whistleblowing causes of action." [Reply at 4.] He also reiterates that the Union Defendants are forum shopping, as evidenced by the fact that Local 3 agreed to "defend Defendant Auelua on the assault cause of action to enable all the Defendants to join this motion."[3] [Id.] Finally, Plaintiff argues that he should at least be entitled to his attorney's fees and costs associated with the Motion and the reply.

## DISCUSSION

Local 3 removed the instant case pursuant to 28 U.S.C. §§ 1441 and 1446. [Notice of Removal at 1-2.] Section 1441 provides, in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or

---

[3] On February 24, 2010, the Union Defendants' counsel filed a declaration by Auelua, which states that he is not represented by counsel and that he consents to the removal of the action.

> residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441. Section 1441 is strictly construed against removal, and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

## I. Procedural Defects

Plaintiff argues that Local 3's Notice of Removal was defective because Local 3 did not obtain the consent of the other defendants to the removal. A plaintiff, however, waives any procedural defects to a removal if he does not file a timely motion for remand. Section 1447(c) states, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

28 U.S.C. § 1447(c). Plaintiff filed the instant Motion on January 28, 2010, more than thirty days after the December 14, 2009 removal. Plaintiff therefore waived any objections to non-

jurisdictional defects in the removal.  See, e.g., Jackson v. Wal-Mart Stores, Inc., 588 F. Supp. 2d 1085, 1086 (N.D. Cal. 2008) (citing 28 U.S.C. § 1447(c)).

Further, even assuming *arguendo* that Plaintiff's Motion was timely, Plaintiff's procedural defect argument is misplaced. Plaintiff is correct that the judicially created "rule of unanimity" generally requires that all defendants to an action consent to removal.[4]  See Chicago, Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900); Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) (citing Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 620 (2002) (citing Chicago only for the proposition that "removal requires the consent of all defendants")).  Defendants who have not been served, however, are not required to join in the removal.  See Salveson v. W. States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984), superceded by statute on unrelated grounds, as noted in Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 n.3 (9th Cir. 1988); see also Boles v. Engle, CV 08-00438 ACK-KSC, 2009 WL 763935, at *4 n.4 (D. Hawai'i Mar. 24, 2009) ("The Ninth Circuit therefore recognizes an exception in cases where defendants are not served and permits the

---

[4] The Court notes that "nominal, unknown or fraudulently joined" defendants need not consent.  See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).  These exceptions, however, are not relevant to the instant case.

9

defendant(s) summoned to remove without joining the unserved defendant(s)." (citing Salveson, 731 F.2d at 1429) (alterations in original)).  Local 3 was not required to obtain Auelua and Jesinger's consent to the removal because Auelua and Jesinger were not served until after the removal.

This Court therefore RECOMMENDS that the Motion be DENIED as to Plaintiff's claim that the Notice of Removal is procedurally defective.

## II. Federal Jurisdiction

Plaintiff argues that remand is warranted because he is the master of his complaint and he has only alleged state law claims.  The Union Defendants counter that Plaintiff's claims against Local 3 are subject to complete preemption under the LMRA.

> The LMRA provides that:
>
> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  The LMRA presents an exception to the general rule that a plaintiff is the master of his complaint.  LMRA preemption "is so strong that it completely preempt[s]" state labor law claims.  See Valles v. Ivy Hill Corp., 410 F.3d

1071, 1075 (9th Cir. 2005) (alteration in original).

> In such circumstances, federal law displaces a plaintiff's state-law claim, no matter how carefully pleaded.  This is because the claim purportedly based on . . . [a] preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.
>
>      . . . . Although the text of § 301 contains only a jurisdictional grant, the Supreme Court has interpreted it to compel the complete preemption of state law claims brought to enforce collective bargaining agreements.  Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 560, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).  In addition, although the language of § 301 is limited to "[s]uits for violation of contracts," the Supreme Court has expanded § 301 preemption to include cases the resolution of which "is substantially dependent upon analysis of the terms of [a collective bargaining agreement]."  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).

Id. (some citations and quotation marks omitted) (some alterations in original).

The Complaint alleges that: "Plaintiff was unfairly represented by Local 3 in his claim against Goodfellow following the whistleblowing[;]" [Complaint at ¶ 14;] and "Local 3 . . . refused to represent Plaintiff in his claim because of Plaintiff's refusal to participate in the fraudulent activities and whistleblowing . . . ."  [Complaint at ¶ 19.]  Plaintiff argues that these are state law claims over which there is concurrent jurisdiction.  Even assuming *arguendo* that Plaintiff artfully pled these claims to allege violations of state law,

11

these claims implicate Local 3's duty of fair representation under the National Labor Relations Act ("NLRA").  See Ford Motor Co. v. Huffman, 345 U.S. 330, 338 (1953) (holding that a union acting in its representative capacity owes a duty of fair representation to those on whose behalf it acts).

As a general rule, the NLRB has exclusive jurisdiction over activities that constitute unfair labor practices under § 8 of the NLRA.  See Adkins v. Mireles, 526 F.3d 531, 538 (9th Cir. 2008) (citing San Diego Building Trades Council v. Garmon, 359 U.S. 236, 244 (1959)).  The Garmon doctrine, however, does not strictly apply "where it cannot be fairly inferred that Congress intended exclusive jurisdiction to lie with the NLRB[.]"  Id. at 539 (citing Vaca v. Sipes, 386 U.S. 171, 179, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)).  Thus, "[s]ome causes of action have been found cognizable in court despite technically implicating NLRA § 7 or § 8, including actions under LMRA § 301 for breach of collective bargaining agreements and actions by workers against their unions for breach of duty."  Id.

Thus, Plaintiff is not limited to an NLRB charge to address his claim that Local 3 unfairly represented him.  The federal statutory duty of fair representation, however, displaces state law regulating unions' duties as collective bargaining representatives because "[s]tate law may constitute an impermissible obstacle to the accomplishment of purposes of

12

Congress by regulating conduct that federal law has chosen to leave unregulated." Id. (citation and quotation marks omitted). In order to successfully allege state law claims that are not preempted by the federal duty of fair representation claims,

> aggrieved workers must make a showing of additional duties, if they exist, beyond the normal incidents of the union-employee relationship.  Such duties must derive from sources other than the union's status as its members' exclusive collective bargaining representative, such as an express provision of the collective bargaining agreement or a collateral contract.

Id. at 539-40 (citing United Steelworkers of Am. v. Rawson, 495 U.S. 362, 374, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990)).

In the present case, Plaintiff's claims against Local 3 arise from Local 3's duty to represent its union members in grievances against their employers for violations of the applicable collective bargaining agreement.  This is not a duty that exists "beyond the normal incidents of the union-employee relationship".  See id. at 539.  Plaintiff has therefore failed to allege a state law claim against Local 3.  The state law claims that he attempted to allege against Local 3 implicate the statutory duty of fair representation and are preempted by federal labor law.  Plaintiff's purported state law claims are converted into federal claims for violation of the federal statutory duty of fair representation.

This Court FINDS that, at a minimum, there is federal

question jurisdiction over Plaintiff's duty of fair representation claims against Local 3.  This Court need not address whether Plaintiff's other claims are preempted.  To the extent that Plaintiff has alleged any state law claims that are not preempted, the district court has the discretion to exercise supplemental jurisdiction over those claims.  See, e.g., Morris v. Ambassador Nursing Home, Inc., 845 F. Supp. 1164, 1169 (E.D. Mich. 1994) (declining to exercise jurisdiction); Binkley v. Loughran, 714 F. Supp. 768, 773 (M.D.N.C. 1988) (exercising jurisdiction).  This Court RECOMMENDS that the district judge exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's unpreempted state law claims, if any, because they are inextricably intertwined with the preempted claim or claims.  See, e.g., Popular Democratic Party v. Commonwealth of Puerto Rico, 24 F. Supp. 2d 184, 196 (D.P.R. 1998); Clark v. Milam, 813 F. Supp. 431, 434-35 (S.D.W. Va. 1993).

This Court therefore RECOMMENDS that Plaintiff's Motion be DENIED WITHOUT PREJUDICE as to his request to remand the case.  The Court notes that Plaintiff may seek remand of the state law claims if the preempted claims are disposed of prior to the state law claims.  This Court, however, expresses no opinion as to the potential merits of such a motion.

**III. Sanctions**

In the Motion, Plaintiff argued that Local 3's removal of the action was frivolous and that he is entitled to sanctions pursuant to Federal Rule of Civil Procedure 11.  The Court cannot consider this request because it does not comply with Rule 11(c)(2), which states, in pertinent part:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Moreover, based on this Court's findings herein, Local 3's removal of the action was not frivolous.  Similarly, since this Court has recommended that Plaintiff's request for remand be denied, attorney's fees are not available under 28 U.S.C. § 1447(c), which states, in pertinent part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  This Court therefore RECOMMENDS that Plaintiff's request for sanctions be DENIED.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion to Remand and for Sanctions, filed on January 28, 2010, be DENIED WITHOUT PREJUDICE.

      The parties are advised that any objection to these Findings and Recommendation is due seventeen calendar days after being served with a copy of these Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation."  A copy of the objection shall be served on all parties.

      IT IS SO FOUND AND RECOMMENDED.

      DATED AT HONOLULU, HAWAII, March 12, 2010.



      /S/ Leslie E. Kobayashi
      Leslie E. Kobayashi
      United States Magistrate Judge

**JAMES ARTHUR, SR. V. FAATALALE AUELUA, ET AL; CIVIL NO. 09-00590 DAE-LEK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS**