IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES ARTHUR, SR., | ) | CV. NO. 09-00590 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FAATALALE AUELUA; ROBERT | ) | |
| E. JESINGER; OPERATING | ) | |
| ENGINEERS LOCAL UNION NO. | ) | |
| 3; JOHN AND MARY DOES 1-10; | ) | |
| DOE CORPORATIONS, | ) | |
| PARTNERSHIPS OR OTHER | ) | |
| ENTITIES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS; (2)
STRIKING PLAINTIFF'S UNAUTHORIZED SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO THE MOTION TO DISMISS; AND (3)
DISMISSING WITHOUT PREJUDICE PLAINTIFF'S STATE LAW CLAIMS

On April 19, 2010, the Court heard Defendants' Motion to Dismiss.

William Fenton Sink, Esq., appeared at the hearing on behalf of Plaintiff; Lori K.

Aquino, Esq., appeared at the hearing on behalf of Defendants. After reviewing

the motion and the supporting and opposing memoranda, the Court: (1) **GRANTS**

Defendants' Motion to Dismiss (Doc. # 4); (2) **STRIKES** Plaintiff's unauthorized

supplemental memorandum in opposition to the Motion to Dismiss (Doc. # 20);

and (3) DISMISSES WITHOUT PREJUDICE Plaintiff's state law claims.

BACKGROUND

Plaintiff James Arthur ("Plaintiff"), an employee of Goodfellow

Brothers, Inc. ("Goodfellow"), and a union member of Operating Engineers Local

Union No. 3 ("Local 3") as of April 2007, filed this action in the Circuit Court of

the First Circuit, State of Hawai`i, on October 16, 2009.  (Doc. # 1 Ex. A.)  The

Complaint was filed in state court pursuant to state labor practice laws, Hawai`i

Revised Statutes sections 378-1 and 377-6 to -8 against Local 3, Faatalale Auelua

("Auelua"), an employee of Goodfellow, Robert E. Jesinger ("Jesinger"), an

attorney for Local 3, and other unnamed defendants.  (Doc. #1.)

This matter arises out of an incident in which Auelua allegedly

assaulted and battered Plaintiff.  (Doc. # 1 Ex. A ¶ 11.)  The Complaint does not

assert either the time or place of the alleged assault and battery.  The Complaint

also does not articulate specific causes of action against Local 3, Jesinger, and

other unnamed defendants, but the Court can discern several possible claims.  One,

the Complaint appears to allege that Local 3 and other unnamed defendants

breached their duty of fair representation in retaliation for Plaintiff's

"whistleblowing activities."  (Id. ¶¶ 12, 14, 19.)  Two, the Complaint appears to

2

allege that the named Defendants and other unknown Defendants conspired and intentionally interfered with Plaintiff's conditions of employment and prospective economic advantage.  (Id. ¶ 17.)  According to Plaintiff, Defendants covered up illegal activities and retaliated against Plaintiff.  (Id. ¶ 20.)  Three, the Complaint appears to allege that Defendants' actions resulted in intentional or negligent emotional distress to Plaintiff.  (Id. ¶¶ 18, 22.)  Again, the Complaint fails to specify which Defendants allegedly committed the actions resulting in the alleged intentional or negligent emotional distress to Plaintiff.  Four, the Complaint appears to allege that Jesinger committed malpractice and breached "his fiduciary and contractual duty to represent" Plaintiff.  (Id. ¶¶ 15-16.)  As to the remaining grievances, the nature of any other specific claim is unclear from the statements provided in the Complaint.

Local 3 removed the instant action to this Court on December 14, 2009, based on Local 3's assertion that Plaintiff's claims, if well-pled, actually arise under the federal Labor Management Relations Act ("LMRA") and the National Labor Relations Act ("NLRA").  (Doc. # 1.)

On December 23, 2009, Local 3 and Jesinger (collectively, "Defendants") filed the instant Motion to Dismiss.  (Doc. # 4.)  Plaintiff filed an

Opposition on February 3, 2010.[1]  (Doc. # 8.)  Plaintiff submitted a Supplemental

Memorandum in Opposition on March 24, 2010.  (Doc. # 20.)  Pursuant to Local

Rule 7.4, leave of court is required to submit further or supplemental briefing.

Plaintiff did not seek leave to file this supplemental memorandum.  Further,

Plaintiff's supplemental memorandum is untimely.  Therefore, this Court strikes

Plaintiff's Supplemental Memorandum because no good cause has been shown to

warrant consideration.

Defendants filed a Reply to Plaintiff's Opposition on March 31, 2010.

(Doc. # 21.)

## STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure 12(b)(6), a motion to

dismiss will be granted where the plaintiff fails to state a claim upon which relief

can be granted.  Review is limited to the contents of the complaint.  See Clegg v.

Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994).  Allegations of fact in

the complaint must be taken as true and construed in the light most favorable to the

plaintiff.  See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir.

2009); Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th

---

[1] The Court notes that Plaintiff's Opposition is untimely, as it was due on
February 1, 2010, pursuant to Local Rule 7.4.  The Court, in its discretion, will
nevertheless consider the arguments raised in Plaintiff's Opposition.

4

Cir. 2005).  A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  See id.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence.  In other words, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face.  See id. at 570.  "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

DISCUSSION

The claims alleged against Defendants appear to be: (1) breach of the duty of fair representation in retaliation for Plaintiff's whistleblowing activities (Compl. ¶¶ 12, 14, 19); (2) conspiracy and intentional interference with Plaintiff's economic status and employment conditions by breaching contractual obligations and failing to fairly represent Plaintiff (Id. ¶¶ 17, 20, 21); (3) intentional or negligent infliction of emotional distress (Id. ¶¶ 18, 22); and (4) legal malpractice by attorney Jessinger (Id. ¶¶ 15-16).

Defendants move to dismiss all claims against them based on: (1) preemption under Section 301 of the LMRA, 29 U.S.C. § 185(a), and the collective

5

bargaining agreement ("CBA"); (2) the applicable six month statute of limitations; and (3) immunity for Jesinger pursuant to the LMRA, 29 U.S.C. § 185(b).  (Mot. at 2.)  Defendants argue that if "the Court grants [their] motion [to dismiss], all that will be left of Plaintiff's Complaint are state law claims against Defendant Auelua, including those for assault and battery, and remand to state court may be appropriate."  (<u>Id.</u> at 3.)

Plaintiff attempts to argue that his claims arise not from a CBA but instead from another contractual obligation.  (Comp. ¶ 1.)  Plaintiff, however, fails to provide any evidence of the existence of any other contract between the parties, and fails to even allege the basic material components of such contract.  No such collateral contract is attached to Plaintiff's Complaint, or described with any specificity.  Plaintiff does not allege the date upon which this purported contract was made, or the material terms, or the parties to the contract.  Plaintiff simply makes the bald statement that another contract, not a CBA, controls these claims.  If Plaintiff's allegations are true, then Plaintiff has failed to plead with the sufficient specificity required to allow Defendants the opportunity to respond to Plaintiff's complaint.  Moreover, if indeed Plaintiff has evidence of this other contract, then Plaintiff should have attached such contract to Plaintiff's opposition, and requested that this Court convert the instant motion to dismiss into a motion

6

for summary judgment so that the Court might evaluate said contract.  At the

hearing on this matter, Plaintiff's counsel reiterated that Plaintiff brings only state

law claims, but counsel did not mention any specific contract outside of the CBA.

As the pleadings stand, Plaintiff has not sufficiently alleged facts

indicating that Plaintiff had a contractual agreement with Defendants outside of the

CBA upon which Plaintiff may be entitled to relief.  See Fed. R. Civ. P. 8(a).  On

this ground alone, the Court may GRANT Defendants' motion to dismiss.

Alternatively, as discussed below, if indeed a CBA controls as

Defendants' contend, the Court GRANTS Defendants' motion to dismiss.

I.      Claim for Breach of the Duty of Fair Representation

This Court will first address Plaintiff's claim for breach of the duty of

fair representation by Local 3's failure to represent Plaintiff in his grievances

against Goodfellow and in retaliation for Plaintiff's whistleblowing activities.

(Comp. ¶¶ 12, 14, 19.)

Defendants assert that Plaintiff's allegations arise out of Local 3's

CBA, the terms and conditions of which governed Plaintiff's Goodfellow

employment.  (Mot. at 8.)  Defendants contend that Plaintiff's claim is preempted

by the LMRA because it requires the Court to interpret a CBA provision.  (Id.)

Defendants argue that because Plaintiff's claims are preempted by the LMRA,

Plaintiff's allegation of a breach of the duty of fair representation is time-barred due to the applicable statute of limitations period under § 10(b) of the NLRA, 29 U.S.C. § 160(b).  (Id. at 10-12.)

Plaintiff contends that the CBA does not apply to him and the decisions by the National Labor Relations Board ("NLRB") "excluded him as a supervisor." (Opp'n at 2.)  To the contrary, the record actually indicates that the NLRB ultimately accepted jurisdiction over his claim and denied Plaintiff's claims on the merits.  Magistrate Judge Kobayashi addressed the Plaintiff's current argument against preemption in her Findings and Recommendation ("F&R") filed March 12, 2010, which this Court adopted without objections filed by Plaintiff.  (Doc. # 17)  As Magistrate Judge Kobayashi noted in the F&R, the NLRB's Office of General Counsel in Washington, D.C., ultimately found that Local 3 did not violate the LMRA. (F&R at 5; Doc. # 10 Ex. H.)  The letter on record from the NLRB's counsel states that the NLRB "fully considered all the evidence [Plaintiff] presented," that there was no evidence that "the Union harbored any animosity towards you," that Plaintiff's evidence did not "constitute a breach of the union's duty of fair representation," and that Plaintiff's new evidence on motion for reconsideration "failed to establish a violation of the Act."

8

(Doc. # 10 Ex. H.)  Plaintiff did not object to the F&R, which this Court

adopted and is now the law of this case.

Plaintiff's insistence during those administrative proceedings

that the NLRB exercise jurisdiction over his case belies his current position

that he does not raise any federal claims.  Moreover, it appears that

Plaintiff's arguments that the NLRB "excluded him as a supervisor" are no

longer valid in light of the NLRB's final decision on the merits.

A.    Preemption

Generally, federal jurisdiction exists when "a federal question is

presented on the face of the plaintiff's properly pleaded complaint."  Valles

v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Balcorta v.

Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000)).

Further, "[a] federal law defense to a state-law claim does not confer

jurisdiction on a federal court, even if the defense is that of federal

preemption and is anticipated in the plaintiff's complaint."  Id., 410 F.3d at

1075 (citation omitted).  Thus, typically a plaintiff is the "master of his

complaint" and "he may generally avoid federal jurisdiction by pleading

solely state-law claims."  Id. (citation omitted).  The "complete preemption"

exception to this general rule exists when "the preemptive force of a statute

is so strong that it 'completely preempt[s]' an area of state law." Id.  "In

such circumstances, federal law displaces a plaintiff's state-law claim, no

matter how carefully pleaded." Id. (citation omitted).  This exception is

applied under § 301 of the LMRA, which provides employees a forum to

address contractual violations by an employer or labor union:

> Suits for violation of contracts between an employer and
> a labor organization representing employees in an
> industry affecting commerce as defined in this chapter, or
> between any such labor organizations, may be brought in
> any district court of the United States having jurisdiction
> of the parties, without respect to the amount in
> controversy or without respect to the citizenship of the
> parties.

29 U.S.C. § 185(a).  Although on its face "the text of § 301 contains only a

jurisdictional grant, the Supreme Court has interpreted it to compel the complete

preemption of state law claims brought to enforce collective bargaining

agreements." Valles, 410 F.3d at 1075 (citation omitted).  Moreover, "the

Supreme Court has expanded § 301 preemption to include cases the resolution of

which 'is substantially dependent upon analysis of the terms of a [CBA],'" even

though the language of § 301 is limited to "suits for violations of contracts." Id.

(citing Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985)); see also Adkins

v. Mireles, 526 F.3d 531, 539 (9th Cir. 2008) (stating that "[t]he LMRA § 301

preempts state-law claims that are 'substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract'" (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985))).  Thus, the LMRA § 301 "will operate to preempt a state-law claim whose resolution depends upon the meaning of a CBA."  Adkins, 526 F.3d at 539 (citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-406 (1988)).

In order for Plaintiff "to bring a successful state law action, aggrieved workers must make a showing of additional duties . . . beyond the normal incidents of the union-employee relationship."  Adkins, 526 F.3d at 539 (emphasis added). The additional duties could be derived from an express provision of the CBA or a collateral contract.  Id. at 539-40.  Irrespective of the method in which the additional duties are conferred, the duties "must derive from sources other than the union's status as its member's exclusive collective bargaining representative."  Id. As discussed above, Plaintiff does not make any showing of additional duties derived from either an express provision of the CBA or a collateral contract.

Accordingly, this Court finds that Plaintiff's claims for breach of the duty of fair representation, as currently pled, is preempted by § 301 of the LMRA. Having found preemption, the Court will now analyze the applicable statute of limitations.

B.      Statute of Limitations

Defendants argue that Plaintiff's duty of fair representation claim is not only governed by LMRA § 301(a), but is also barred by a six-month statute of limitations.  (Mot. at 10-12.)  The Ninth Circuit applies the six-month statute of limitations from §10 of the NLRA to a breach of the duty of fair representation. See Stone v. Writer's Guild of Am. West, 101 F.3d 1312, 1314 (9th Cir. 1996); 29 U.S.C. § 160(b).  "The statute of limitation begins to run when a plaintiff knew or would have known of the wrongdoing."  Stone, 101 F.3d at 1314 (internal quotations omitted).

Under Ninth Circuit law, Plaintiff's claim is most aptly considered a "hybrid" action, an action in which the employee generally sues the employer for unfair labor practices and the union for breach of the duty of fair representation, though not necessarily both.  Conley v. Int'l Bhd. of Elec. Workers, Local 639, 810 F.2d 913, 915 (9th Cir. 1987).  Because the claims against the employer and the union are "inextricably interdependent," the hybrid determination does not require that the suit be brought against both the employer and the union.  Del Costello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164-165 (1983).  In hybrid cases, the statute

of limitations in §10 of the NLRB controls because of the close relationship

between the issues in hybrid claims and those of unfair labor practices and unfair

representation cases.  Conley, 810 F.2d at 915.

      The doctrine of equitable tolling does not suspend the running of the

limitation period in a § 301 case such as this action.  Filing an action with the

NLRB, as Plaintiff did, does not prevent the filing of a suit under § 301 of the

LMRA.  A plaintiff is not "required to avail himself of an alternate course of action

as a precondition to filing his suit."  Id.  In fact, the two forms of relief are

parallel avenues," and thus Plaintiff's NLRB action did not toll the statute of

limitations for this § 301 action.  Id. at 916; see Moore v. Local Union 569 of Int'l

Bhd. Elec. Workers, 989 F.2d 1534, 1542 (9th Cir. 1993).  "[A]llowing tolling in

this circumstance would frustrate the national policy of prompt resolution of labor

disputes."  Conley, 810 F.2d at 916.

      The statute of limitations for Plaintiff's claim against Local 3 began

when Plaintiff knew of Local 3's alleged wrongdoing.  Because Plaintiff fails to

plead the date of the alleged breach of the duty of fair representation, it is difficult

to determine the exact date upon which the statute of limitations began.  Plaintiff

did, however, file a NLRB complaint against Local 3 on October 10, 2008, for

similar allegations.  (Mot. Ex. B at 1.)  Viewing the facts most favorably to

Plaintiff, Plaintiff would have had knowledge of Local 3's breach of duty of fair

representation at least as early as when he filed the NLRB complaint on October

10, 2008.

Assuming the statute of limitations began to run on the date of the

NLRB complaint, Plaintiff is barred from bringing suit against Local 3 under the

LMRA at this time.  Plaintiff would have had until April 10, 2009, to file his

LMRA suit within the statute of limitations.  Instead, Plaintiff filed his Complaint

on October 16, 2009, six months beyond the statute of limitations period.

Consequently, this Court finds that Plaintiff's claims against Local 3

are barred by the statute of limitations found in §10 of the NLRB.

II.    Claims for Conspiracy and Negligent or Intentional Infliction of Emotional
       Distress

Plaintiff further claims that Defendants conspired to interfere with

Plaintiff's compensation, terms and conditions, and privileges of employment by

failing to abide by their contractual obligations and in retaliation against Plaintiff

for whistleblowing.  (Compl. ¶¶ 17, 20, 21.)  Plaintiff also claims that Defendants

intentionally or negligently inflicted emotional distress upon Plaintiff, which

caused Plaintiff a loss of income, diminished earning capacity, and other economic

losses.  (Id. ¶¶ 18, 22).

14

The standard for pleading a claim is set out in Rule 8 of the Federal Rules of Civil Procedure, which requires a short and plain statement of the claim showing that the pleader is entitled to relief, in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  Plaintiff's obligation to provide the fair notice of the "grounds" of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id.

The Complaint fails to provide fair notice to Defendants as to what grounds the conspiracy and infliction of emotional harm claims rest.  First, the Complaint fails to identify which Defendants are responsible for the conspiracy and infliction of emotional distress.  Second, the Complaint fails to specify what actions contributed to the conspiracy and infliction of emotional distress and when the offending actions took place.  Third, the Complaint fails to even recite how

Defendants' actions fit the elements constituting conspiracy[2] or emotional distress.[3] (Comp. ¶¶ 17-18, 20-21).

Even if Plaintiff were to adequately plead his emotional distress claims, such claims may be preempted by the LMRA if a court must interpret the CBA to resolve the claim. Newberry v. Pac. Racing Ass'n, 854 F.2d 1142, 1149 (9th Cir. 1988). Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's conspiracy and negligent or intentional infliction of emotional distress claims.

---

[2] "'[T]he accepted definition of a conspiracy is a combination of two or more persons or entities by concerted action to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means.'" Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co., Inc., 91 Hawaii 224, 252 n.28 (1999), superseded by statute on other grounds as stated in Hawaii Med. Ass'n v. Haw. Med. Serv. Ass'n, 113 Haw. 77 (2006).

[3] In order to establish an intentional infliction of emotional distress claim, a plaintiff must show "'(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another.'" Enoka v. AIG Haw. Ins. Co., 109 Hawai`i 537, 559 (2006) (quoting Hac v. Univ. of Haw., 109 Hawai`i 92, 106-07 (2003)). In order to establish a negligent infliction of emotional distress claim, a plaintiff must show, inter alia, that serious mental distress was a reasonably foreseeable consequence of a defendant's act. See Leong v. Takasaki, 55 Haw. 398, 408 (1974).

III.   <u>Malpractice Claim Against Jesinger</u>

After reviewing the Complaint, the Motion to Dismiss, the Opposition, and the Reply, the Court concludes that the pleadings are insufficient to suggest that Jesinger was in fact obtained by Plaintiff as counsel to represent him in suit against Goodfellow.  On this matter Plaintiff makes two contradictory arguments.  First, Plaintiff argues that Jesinger, a union attorney for Local 3, breached his fiduciary and contractual duty to represent Plaintiff. (Comp. ¶¶ 3, 16.) Second, Plaintiff claims that Local 3 failed to represent him in the matter concerning the assault by Auelua.  (<u>Id.</u> ¶ 19.)

In his Opposition, Plaintiff alleges that Jesinger "breached his fiduciary and contractual duty to represent [Plaintiff] under [Hawaiʻi Rules of Civil Procedure] Rules 1.6, 1.7, 1.8, and the <u>Finley</u> doctrine at 32-35."  (Opp'n at 6.) Defendants contend that Plaintiff's claim against Jesinger should be dismissed because Jesinger, as a union agent, is immune from suit for acts performed on the union's behalf in the collective bargaining process.  (Mot. at 12-13.)

Plaintiff cites <u>Finley</u> to analogize the current matter with attorneys obtained and provided by insurance companies for their insured clients.  (Opp'n at 6.); <u>See Finley v. Home Ins. Co.</u>, 90 Hawaiʻi 25 (1998).  In <u>Finley</u>, counsel was retained by the insurer for the purposes of representing the insured.  <u>Id.</u> at 28.  The

17

Hawai`i Supreme Court found that the retained counsel solely represented the insured when a conflict of interest arises between the insurer and the insured.  Id. at 32.

In the present case, Plaintiff argues that Jesinger, as the union attorney, had a fiduciary and contractual responsibility to represent him in his grievances against Goodfellow.  (Opp'n at 6.)  Plaintiff's argument are convoluted.  Significantly, Plaintiff does not actually allege that Local 3 obtained Jesinger for the purposes of representing him.  In fact, Plaintiff contradicts himself and argues that Local 3 refused to represent Plaintiff in his grievances against Goodfellow.  (Opp'n at 5.)   There is no evidence before this Court that Local 3 obtained Jesinger as counsel to represent Plaintiff.  As with Plaintiff's other claims, he appears to argue that he had a separate, unidentified contract with Jesinger.  The Finley doctrine appears inapplicable to the case at hand.

The Court notes that if Plaintiff is attempting to sue Jesinger in his capacity as retained union counsel, Jesinger cannot be sued for malpractice by individual grievants for services rendered as a part of the collective bargaining process under § 301(b).  See Breda v. Scott, 1 F.3d 908, 909 (9th Cir. 1993)

Accordingly, this Court GRANTS Defendants' motion to dismiss Plaintiff's action against Defendant Robert Jesinger.

18

<u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss and STRIKES Plaintiff's unauthorized supplemental memorandum in opposition to the motion to dismiss.  Furthermore, the Court declines to exert supplemental jurisdiction over the remaining state law claims, and hereby DISMISSES WITHOUT PREJUDICE all state claim brought against Defendant Faatalale Auelua.

The Clerk of the Court is hereby directed to enter judgment in favor of Robert E. Jesinger and Operating Engineers Local Union No. 3.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 21, 2010.



_____
David Alan Ezra
United States District Judge

<u>Arthur v. Auelua, et al.</u>, CV No. 09-00590 DAE-LEK; ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS; (2) STRIKING PLAINTIFF'S UNAUTHORIZED SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO THE MOTION TO DISMISS; AND (3) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S STATE LAW CLAIMS